(Hamilton County Court of Common Pleas.)

M. R. CONEY. v. EDWAR DORSEY et al.

---

A sub-contractor who furnishes his material to a contractor with a city for laying side-walks can only secure a mechanic's lien on the fund which the lienor's material added too create.—

(Decided December, 1896.)

---

BUCHWALTER, J.

Dorsey, on September 7th, 1894 entered into a contract with the City of Cincinnati to lay and repair all sidewalks within the "Western Sidewalk District," according to prices and specifications contained in the contract, during the year ending September 7th, 1895. Each portion of the general work was to be ordered by a resolution of the Board of Administration under the instructions of the City Engineer. H. J. Conk-

ling and the Ervine Lime Company, lien holders, furnished material for work that was provided for by resolution of the Board of Administration, and done in the fall of 1894. Coney furnished material for work done in 1895 on different streets in accordance with another resolution. He filed a lien on and obtained an assignment of the fund arising out of the sidewalks in which his cement was used. The fund claimed by Coney, amounting to $1,890, in the hands of a receiver, had been collected from the accounts covered by Coney's lien and assignment.

Held, that the general contract was separable by the resolutions of the Board of Administation, and that a mechanic's lien could attach only to the fund which the lienor's material aided to create. Judgment for plaintiff in full, $1,815,36, with interest (whatever might be the scope of the Supreme Court decision holding part of the Lien Law unconstitutional), since plaintiff's assignment covered the fund, if all the liens were invalid. Questions on cross-petitions against the city reserved for further trial.

Edward Moulinier for Coney.
F. F. Dinsmore, for City.
Theodore Horstman, for Dorsey.
Charles J. Hunt, for Conkling.
F. W. Browne, for Ervine Lime Company.